IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DZU CONG TRAN, DANIEL MAI DINH,**
**and AUSTIN PETER TRAN, on behalf of**
**themselves and all others similarly situated,**

      Plaintiff,                                                        No. CV 10-724-ST

      v.                                                                OPINION AND ORDER

**JANET NAPOLITANO, Secretary, Department**
**of Homeland Security,** *et al*,

      Defendant.

**MOSMAN, J.**,

      On December 3, 2010, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") (#29) in the above-captioned case recommending that I grant in part and deny in part defendants' Motion to Dismiss (#16). Defendants filed objections (#31), as did plaintiffs (#32), and each side filed responses to those objections (#33; #34).

### STANDARD OF REVIEW

      The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

I adopt Judge Stewart's F&R in part. Specifically, I adopt the F&R in its entirety through page 16; and I also adopt Parts V and VI—entitled "Unreasonable Delay (Third Claim)" and "Four-Month Validity Period (First Claim)"—which start on page 20 and end on page 25. However, I also conclude that plaintiffs have not stated any claim, and defendants' Motion to Dismiss should be granted in its entirety. Specifically, I disagree with the F&R regarding parts IV, VII, and VIII, respectively entitled "Return Procedures (Second Claim)," "Use of P6C1 Markers (First Claim)," and "Relief (Fourth Claim)."

### I.  Return Procedures (Second Claim)

Starting on page 17, I depart from the F&R's disposition of plaintiff's claim under the Administrative Procedures Act ("APA"), regarding the return procedures of the State Department and the USCIS. I conclude that plaintiffs fail to identify any relevant duty of either the State Department or USCIS that has been breached.

The F&R concludes that 22 C.F.R. § 42.81(e) provides plaintiffs a right of rebuttal. However, in my view the controlling statute, 8 U.S.C. § 1101(a)(15)(K), classifies the K-1 applicant as a nonimmigrant. It is 22 C.F.R. § 41.121(c) that explicitly applies to nonimmigrant visa petitions, while section 42.81(e) applies only to immigrant visas. Section 41.121(c) does not provide plaintiffs any right to offer rebuttal evidence regarding consular officials' visa

refusal or revocation recommendations. The F&R concludes that because K-1 visas are "treated" or "processed" as a hybrid between immigrant and nonimmigrant visas, section 42.81(e) should apply. The F&R outlines several ways in which a K-1 visa is treated as an immigrant visa; e.g., 22 C.F.R § 41.81(d) essentially provides that a consular officer must determine *eligibility* of a nonimmigrant K-1 fiancée as if she were an immigrant alien. However, none of these provisions change the statutory classification of the K-1 fiancée as a nonimmigrant, and I do not find any basis upon which I might override the plain statutory language of 8 U.S.C. § 1101(a)(15)(K).[1] Therefore, section 41.121(c) applies and plaintiffs fail to establish a right to offer rebuttal evidence.

Even if plaintiffs had established a legal right to rebuttal evidence under section 42.81(e), any such right would only apply if plaintiffs adequately alleged that they "adduced" such evidence. *See* 22 C.F.R. §§ 41.121(c) and 42.81(e). Plaintiffs did not allege in the First Amended Complaint that they indicated to anyone their intention to submit rebuttal evidence. Therefore, plaintiffs have not pled any violation of a right to rebut, even if such a right had existed.[2]

---

[1] Defendants also point out an odd result that would occur if 22 C.F.R. § 41.81(e) were applied. That is, 8 C.F.R. § 214.2(k)(5) limits the validity of a K-1 petition to four months. However, 22 C.F.R. § 41.81(e) allows additional evidence for immigrant petitions for up to one year. Thus, were that provision to apply, the petitioner could still submit rebuttal evidence on an expired petition for months after the petition expires. Plaintiffs offer no explanation for such an anomaly.

[2] Plaintiffs argue that they did meet this requirement. (Pl.'s Resp. to Def.'s Objections (#33) 5.) Plaintiffs' first argument is that 22 C.F.R. § 42.81(e) allows the applicant one full year from the date of refusal to offer rebuttal evidence. As explained in note 1 above, this result would be incongruous, given the four-month expiration date on the petitions themselves. Second, plaintiffs encourage the court to "infer" from the First Amended Complaint that plaintiffs attempted to adduce rebuttal evidence when they "contacted" the Consulate and the Consulate General—without any explanation of what was offered or discussed through that contact. Such vague allegations, even taken as true, would not establish that plaintiffs attempted or intended to adduce rebuttal evidence.

Because I conclude that plaintiffs have cited no statutory or regulatory authority legally requiring defendants to allow rebuttal of consular refusals and revocation recommendations, plaintiffs are left to argue that the language in the notice letters—to the effect that USCIS "will contact the petitioner, who will have an opportunity to rebut consular findings"—itself somehow creates a legal duty. *See* F&R 15–18. However, plaintiffs offer no support for the notion that an apparently mistaken statement in a denial letter independently establishes a legal duty to offer an opportunity to rebut. I hold that no such legal duty was created here.

Finally, given my finding that defendants had no duty to provide plaintiffs an opportunity to rebut, I need not reach the question whether consular officers' decision to return a K-1 petition is a final agency action.

## II.    Use of P6C1 Markers

The F&R concludes that plaintiffs have stated a claim under the APA challenging 9 F.A.M. 40.63 N10.1 as unlawful and in excess of the agency's statutory authority. F&R 25. That provision states that where a consular officer finds what she believes to be misrepresentation with regard to a family-based immigrant visa petition, the consular officer "must return the petition to the appropriate USCIS office. If the petition is revoked, the materiality of the misrepresentation is established." 9 F.A.M. 40.63 N10.1. Plaintiffs allege that by placing a "P6C1" marker in a visa beneficiary's record—indicating a perceived misrepresentation—the State Department saddled plaintiffs with a "permanent misrepresentation bar to any future immigration possibility" if USCIS revokes the petition. First Am. Compl. ¶ 158.

I reject plaintiffs' argument, and decline to follow the F&R, because plaintiffs have not properly alleged that a P6C1 marker has any effect on them. Importantly, 9 F.A.M. 40.63 N10.1 states that the materiality of a misrepresentation is only established "[i]f the petition is revoked," and plaintiffs have not alleged that USCIS revoked the petitions. Therefore, plaintiffs have not stated a plausible claim that any future bar to immigration possibility would attach to plaintiffs as a result of the P6C1 marker. The F&R concludes that because USCIS does not act on petitions, and allows them to expire after denials, that inaction is equivalent to a revocation, and therefore would trigger the permanent misrepresentation bar. F&R 26. However, plaintiffs do not cite any authority for the proposition that the word "revoked" in 9 F.A.M. 40.63 N10.1 includes inaction that allows a petition to expire naturally. Nor have plaintiffs offered any support for the allegation that they are in fact barred from any future action. Thus, plaintiffs have not yet alleged any actual injury with respect to the P6C1 marker.

Plaintiffs argue that they should not be required to show actual injury because they are entitled to assume the defendants will "enforce the law as written," and any future action by plaintiffs would therefore be futile. F&R 27. Because I conclude that the law as written only bars petitioners whose petitions were "revoked," and not those whose petitions expired naturally, I find no basis upon which to exempt plaintiffs from showing injury.

Plaintiffs therefore do not have standing, and have not stated a claim, regarding the Department of State's use of the P6C1 marker.

## III. Relief

Because I conclude that plaintiffs have not stated any claim upon which relief might be granted, I likewise dismiss plaintiffs' fourth claim, for declaratory and mandamus relief.

## CONCLUSION

I ADOPT IN PART Judge Stewart's F&R (#29), as explained above. Because plaintiffs failed to state any claim, I GRANT Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (#16) in its entirety.

IT IS SO ORDERED.

DATED this   29th   day of March, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court